UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ROBERT BOWEN,<br><br>Defendant. | No. 2:13-cr-00318-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Nicholas Robert Bowen's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 55.) The Government filed an opposition. (ECF No. 61.) For the reasons set forth below, the Court DENIES Defendant's motion. (ECF No. 55.)

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2014, Defendant pleaded guilty to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (ECF No. 33.) On February 19, 2015, the Court sentenced Defendant to a 151-month term of imprisonment to be followed by a 120-month term of supervised release. (ECF Nos. 45, 46.) Defendant is currently serving his sentence at FCI LaTuna. (ECF No. 55 at 1.) His projected release date is May 21, 2024 after application of good conduct time. (ECF No. 61-1 at 2.)

On September 3, 2021, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 55.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 1.) Defendant is 70 years old and claims he is at elevated risk for severe complications from COVID-19 because of his age, underlying medical issues, and co-morbidities such as high blood pressure and chronic kidney failure. (*Id.* at 2.) Defendant previously contracted COVID-19, and he notes he has a medical condition known as "long-COVID," the symptoms of which include chronic joint aches, occasional fevers, loss of smell and taste, nasal drainage, and shortness of breath. (*Id.* at 2–3.)

### II. ANALYSIS

#### A. <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on August 2, 2021. (ECF No. 55 at 1; ECF No. 61 at 4.) The warden denied Defendant's request on August 23, 2021. (ECF No. 55 at 1;

2

ECF No. 61 at 4.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant maintains he has two of the documented conditions — high blood pressure and chronic kidney failure — identified by the Centers for Disease Control and Prevention as high-risk factors for COVID-19 complications. (ECF No. 123 at 19); *see generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 13, 2021). BOP medical records — filed under seal — indicate Defendant is currently being treated for hypertension

3

(benign) essential (controlled as of February 2021), hyperlipidemia (unspecified), and chronic kidney disease, stage 3 (moderate). (ECF No. 61 at 3.) Medical records also indicate Defendant has already contracted and recovered from COVID-19 with no apparent symptoms or complications. (*Id.*) However, despite Defendant's medical conditions, it bears mentioning there are currently no active inmate cases and only five active staff cases of COVID-19 at Defendant's facility. Federal Bureau of Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2021). As such, Defendant's arguments about COVID-19 are arguably too speculative at this time. Further, it appears Defendant is capable of managing his medical conditions and the BOP has provided Defendant with adequate care thus far.

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement, the Court nonetheless denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

### C. Continuing Danger

To be eligible for compassionate release prior to the First Step Act, Defendant was required to demonstrate he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Ninth Circuit recently clarified, "[t]his dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but [it] is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2)." *Aruda*, 993 F.3d at 799. The Court considers Defendant's dangerousness to be a relevant factor in the instant case.

Defendant contends the crime for which he was convicted is not a crime of violence, he is not a violent offender or person, and his companion state court case is also not a crime of violence as defined under state law. (ECF No. 55 at 6.) Defendant maintains he has never been charged with or convicted of a crime of violence and therefore he "poses no danger to his victims or home community should his sentence be reduced to time-served." (*Id.*) Defendant notes he "recognized after his arrest that he had a serious behavioral problem." (*Id.* at 7.) Defendant consequently completed three one-hour sessions of sex offender therapy and participated in an individualized Program Statement 5324.10 sex offender management program ("SOMP") in

which he studied credible scholarly works, engaged in interactive group therapy sessions with other sex offenders who expressed a desire for similar treatment, and spent more than 4,000 hours in this program (about 800 hours of which were in productive group therapy).  (*Id.* at 7–8.) Defendant asserts that through the SOMP, he "was able to make substantial, positive and lasting changes in his prior sex offender thoughts, attitudes, behavioral triggers, cognitive desires, and offending conduct."  (*Id.* at 8.)

In opposition, the Government argues Defendant's "conduct in 2013 with respect to filming his accomplice's exposure to young boys, the large amount of child pornography found on his computer, and his past conviction for indecency involving children as well as [his] other subsequent convictions show the need for a substantial sentence to protect the public and deter future criminal conduct by [Defendant]."  (ECF No. 61 at 10.)  The Court agrees.  While the Court commends Defendant's efforts to rehabilitate himself while in prison, those efforts do not persuade the Court that Defendant no longer poses a danger to the community.  Based on the circumstances of the offense and Defendant's criminal history, Defendant fails to demonstrate he is not a continuing danger to the community.

D.     Section 3553(a) Factors

Finally, the Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Based on the most liberal estimate presented by the parties' briefings, Defendant has served approximately 96 months of this sentence.  (ECF No. 61 at 3.)  The applicable guidelines range at sentencing was 151–188 months of imprisonment.  As such, Defendant is seeking a reduction from a low-end, 151-month sentence to a 96-month sentence.  Defendant fails to persuade the Court that the § 3553(a) factors support such a reduced sentence.  The Court agrees with the Government that a 151-month sentence "reflects the seriousness of [Defendant's] offense, promotes respect for the law, and provides just punishment."  (ECF No. 61 at 10.)  Accordingly, the Court declines to drastically reduce Defendant's well-supported, low-end, 151-month sentence of imprisonment.

///

///

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 55.)

IT IS SO ORDERED.

October 18, 2021

*[signature]*

Troy L. Nunley
United States District Judge